IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **GARY WAYNE WARNER, 861634,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:05-CV-2162-H |
| ) | ECF |
| **NATHANIEL QUARTERMAN, Director, Texas** ) | |
| **Dept. Of Criminal Justice, Correctional** ) | |
| **Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner pled guilty to aggravated assault. *State of Texas v. Gary Wayne Warner*, No. F-94-03219-SI (Crim. Dist. Ct. No. 2, Dallas County, Tex., April 19, 1995)). He was placed on five years deferred adjudication probation. Petitioner's probation was later revoked, and he was sentenced to life imprisonment. On February 5, 2001, the Fifth District Court of Appeals dismissed Petitioner's appeal for lack of jurisdiction. *Warner v. State*, No. 05-99-00216-CR (Tex. App. – Dallas, Feb. 5, 2001, no pet.). Petitioner did not file a petition for discretionary review ("PDR").

On August 30, 2002, Petitioner filed a state application for writ of habeas corpus. *Ex parte Warner*, Application No. 52,843-04. Petitioner argued that his counsel was ineffective for

failing to notice and inform the trial court that one of the enhancement paragraphs had been dropped by the state as part of the initial plea agreement. On January 15, 2003, the Court of Criminal Appeals vacated Petitioner's life sentence and remanded the case for resentencing.

On April 11, 2003, the trial court resentenced Petitioner to twenty years confinement. On April 1, 2004, the Fifth District Court of Appeals affirmed the sentence. *Warner v. State*, No. 05-03-01274-CR (Tex. App. – Dallas, April 1, 2004, no pet.). Petitioner did not file a PDR. On July 12, 2005, Petitioner filed a state habeas petition. *Ex parte Warner*, No. 52,843-07. On October 26, 2005, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court. *Id*.

On November 1, 2005, Petitioner filed this federal petition. He argues: (1) there is no evidence to show that he used a deadly weapon; (2) his guilty plea was not knowingly and voluntarily entered; and (3) he received ineffective assistance of appellate counsel on his 2003 resentencing.

On March 20, 2006, Respondent filed his answer arguing the petition is time-barred. On April 25, 2006, Petitioner filed his traverse. The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

**II. Discussion**

**A. Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism

and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

Petitioner raises claims that relate to his 1995 guilty plea and placement on deferred adjudication probation, as well as claims of ineffective assistance of counsel related to the appeal of his 2003 resentencing. The Fifth Circuit has held that orders of deferred adjudication probation are final judgments for purposes of the AEDPA's statute of limitations. *See Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005), *cert. denied*, ___ U.S. ___, 127 S.Ct. 431 (2006).

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**           Page -3-

The Court therefore considers this petition to be a challenge to two separate state judgments – (1) the 1995 order of deferred adjudication probation, and (2) the April 11, 2003, judgment sentencing Petitioner to twenty years confinement.

### (1)  1995 Deferred Adjudication Probation

Petitioner did not appeal from his 1995 placement on deferred adjudication probation. Therefore, his state judgment of deferred adjudication probation became final thirty days later. *See* Tex. R. App. P. 26.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues).  Petitioner's limitation-commencing event occurred prior to the enactment of the AEDPA.  Petitioner is therefore entitled to a period of one-year from the AEDPA's effective date to file his federal petition.  *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998).  Thus, Petitioner was required to file his § 2254 petition on or before April 24, 1997, to avoid being time-barred.

The filing of a state application for habeas corpus tolls the statute of limitations.  *See* 28 U.S.C. § 2244 (d)(2).  Petitioner, however, did not file a state petition for writ of habeas corpus challenging his placement on deferred adjudication probation.

Petitioner was required to file his federal habeas petition by April 24, 1997.  He did not file his petition until November 1, 2005.  His claims are therefore untimely.

### (2) 2003 Resentencing

Petitioner also claims that he received ineffective assistance of counsel on the appeal of his 2003 resentencing.  On April 1, 2004, the Fifth District Court of Appeals denied his appeal of

the resentencing. Petitioner did not file a PDR. His conviction therefore became final thirty days later, on May 3, 2004.[2] (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner was required to file his federal petition within one year, or by May 1, 2005.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On July 12, 2005, Petitioner filed a state petition for writ of habeas corpus. This petition did not toll the limitations period, however, because it was filed after the one year limitations period expired.

Petitioner was required to file his federal petition by May 1, 2005. He did not file his petition until November 1, 2005. His claims are therefore untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96

---

[2] Thirty days from April 1, 2004, is Saturday, May 1, 2004. Pursuant to Tex. R. App. P. 4(a), the PDR was due on Monday, May 3, 2004.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -5-

F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he is entitled to equitable tolling. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 14th day of December, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).